## BUTLER and Others *v.* JAFFRAY and Others.

*A.* placed notes on different persons amounting in the aggregate to the sum of 2,666 dollars, 35 cents, in the hands of *B.* to be applied by him in payment *pro rata* of certain debts of *A.*, amounting in all to 4,430 dollars, 67 cents, provided each creditor upon the receipt of his *pro rata* share of the proceeds of the notes, would release his entire claim against *A.;* but subject to express instructions to the effect that, if *C.*, who was responsible for 900 dollars, upon judgments against *A.*, should be compelled to pay that sum, then he should be reimbursed from the proceeds of the notes, before any part thereof should be applied upon the other debts of *A.* The only written evidence of this arrangement was contained in the receipt given by *B.* to *A.* for the notes.

*Held*, 1. That this arrangement did not divest *A.* of his property in the notes.
2. That the arrangement, regarded as an assignment was void; because it required each creditor, upon payment of his *pro rata* share of the proceeds of the notes, to release his entire debt.

Choses in action in the hands of a third person belonging to a judgment-debtor, may be subjected to the payment of the judgment, upon "proceedings supplementary to execution," under 2 R. S. p. 152, instituted by the judgment-plaintiff; but other creditors of such debtor, have no right to make themselves parties to such proceedings, and demand a *pro rata* distribution of the proceeds of such choses in action.

APPEAL from the *Jefferson* Circuit Court.

WORDEN, J.—This was a proceeding by the appellees against *Brown, Baily, French*, and *Sullivan*, under the provisions of the statute regulating "proceedings supplementary to execution." 2 R. S. p. 152. It appears by the complaint and affidavit filed, that on the 4th of *April*, 1850, the plaintiffs recovered a judment in the *Jefferson* Circuit Court, against the defendants *Brown, Baily*, and *French*, for the sum of 298 dollars, 44 cents, and costs, on which an execution was afterwards issued, and returned "no property found." It is further alleged, that after the recovery of the judgment, *Brown, Baily*, and *French* made an assignment of choses in action to *Jeremiah Sullivan*, in trust to convert the same into money, and pay the proceeds to such only of their creditors as should release them from any residue of their debts beyond what the choses so assigned would pay; that the assignment is fraudulent and void and made to defraud, hinder, and delay the plaintiffs in the collection of their debt; that *Sullivan* accepted the assignment, and under it has received large sums of money, which he holds, and refuses to pay any part thereof to the plaintiffs.

Prayer, that *Sullivan* be required to answer, &c.; that the assignment be declared fraudulent and void, and that the money in his hands be applied to the plaintiffs' judgment.

*Sullivan* answered that on the 31st of *January*, 1851, *Brown, Baily & Co.* placed in his hands notes held by them on various persons, amounting, according to the list set out, to the sum of 2,666 dollars, 35 cents; that they, at the same time, made out a list of their creditors, with the amounts owing to each, a copy of which list is set out, including the plaintiffs, amounting, besides interest, to the sum of 4,430 dollars, 67 cents, and also a claim in favor of

*Rosette* and *Troutman* for 1,235 dollars, 82 cents, secured by a mortgage; that the object for which the notes were placed in his hands is fully expressed in a receipt then executed by him to *Brown, Baily & Co.*, as follows, viz.: " The foregoing list of notes marked No. 2 (the notes thus placed in the hands of *Sullivan*), is this day deposited with me by *Brown, Baily & Co.*, late of *Madison, Indiana*, to be collected, or otherwise used, for the payment of their debts, to their creditors named in list No. 1, on the first page of this paper (the list of creditors thus furnished as above stated), said *Rosette* and *Troutman* excepted, at such per cent. as the proceeds will pay; and to obtain from said creditors, on the payment of such per cent., acquittances and discharges from their said debts; but with this express direction and instruction, that *Robert Baily*, of *Jefferson* county, *Indiana*, is held responsible, by certain judgment-creditors of said *Brown, Baily & Co.*, for the sum of 900 dollars. Now, if said *Robert Baily* shall be made liable, in his person or property (said property either really or nominally held by him), for the payment of said sum of money, then 900 dollars, the proceeds of said notes are to be first paid to him, and the residue divided, *pro rata*, among the creditors in said list No. 1, this day furnished me by said *Brown, Baily & Co.*, except said *Rosette* and *Troutman;* but if all of said creditors (said *Rosette* and *Troutman* not included, they being secured by mortgage,) will agree to and receive a *pro rata* distribution of said notes, or the proceeds of them, and discharge the said *Brown, Baily & Co.* from any further liability to them, then nothing is to be paid said *Robert Baily*. [Signed] *Jeremiah Sullivan.* " *Madison, January* 31, 1851."

He further alleges in his answer that he forthwith gave notice of the transaction by mail to all of said creditors. That he has collected of the claims 1,218 dollars, and the balance remains uncollected. That some of the creditors (naming them) have acceded to the arrangement, to whom he has paid their *per centum* out of the 1,218 dollars. He insists on distributing the fund equally among the creditors named in the list, and prays that they be made parties, and

that, upon the final hearing, the Court will make such distribution, &c.

At this stage of the proceedings, *Edwin T. Butler* and several other creditors of *Brown, Baily & Co.*, filed their petitions, supported by affidavit, to be made parties plaintiff to the suit, and for a *pro rata* share of the fund in the hands of *Sullivan;* but their applications were rejected, and they took exceptions. These applications were rejected, as the the record informs us, "for want of conformity to the statute on which the proceeding is founded, and because no provision is made for other creditors coming in under the proceeding of the plaintiffs."

On the hearing it was found and adjudged by the Court that the assignment was fraudulent and void as to the creditors of *Brown, Baily & Co.*, and that the money admitted to be in the hands of *Sullivan* was the money of *Brown, Baily & Co.*, and ought to be applied to the payment of the plaintiffs' debt, and it was ordered and adjudged accordingly.

Exceptions were taken so as to duly present the points relied upon to reverse the case.

The appellants insist that the other creditors of *Brown, Baily & Co.* should have been made parties, and that the funds in the hands of *Sullivan* should have been distributed *pro rata* amongst them as well as the plaintiffs.

The statute provides, that after the issuing or return of an execution against the property of the judgment-debtor, and upon an affidavit that any person, &c., has property of such judgment-debtor, or is indebted to him in any amount, &c., such person, &c., may be required to appear and answer concerning the same; that witnesses may be required to appear and testify; that either party may examine the other as a witness; and that, upon the hearing, the Court may order any property of the judgment-debtor, not exempt from execution, in the hands either of himself or any other person, or any debt due to the judgment-debtor, to be applied to the satisfaction of the judgment. 2 R. S. p. 153, §§ 522, 523, 524.

The proceedings authorized by this statute are, per-

May Term,
1859.

BUTLER
v.
JAFFRAY.

haps, a convenient substitute for an ordinary creditor's bill, and they furnish him a remedy by way of subjecting a chose in action of the debtor to the payment of his judgment, which did not exist before the passage of the statute. *Shaw* v. *Aveline*, 5 Ind. R. 380. This statute authorizes the proceedings and judgment below, unless for some reason, the other creditors of the judgment-debtors had a right to participate in the fund *pro rata* with the plaintiffs.

If the transaction between the judgment-debtors and *Sullivan* be deemed a valid and *bona fide* assignment, then, perhaps, the other creditors, for whose benefit the assignment was made, should have been made parties. At most, the plaintiffs could have recovered their share, only, of the funds in the hands of the trustee.

But it is doubtful whether the transaction amounted to an assignment of the claims thus placed in the hands of Mr. *Sullivan*. The notes were placed in his hands, with directions as to the manner in which the proceeds should be applied; but from the whole transaction it is by no means clear that any title passed to him, either legally or equitably, for the benefit of the creditors. It is not easy to perceive any good reason why the instructions, as to the application of the notes, or the proceeds, might not have been recalled by *Brown, Baily & Co.*, and the avails applied to a different purpose, or the amount received by *Sullivan*, except so far as he had applied it in pursuance of the instructions, recovered of him by *Brown, Baily & Co.* An order to an agent for the payment of money, or the delivery of a negotiable instrument to a third person in payment of a debt, is essentially revocable. *Brind* v. *Hampshire*, 1 M. and W. 305, as cited in Lead. Cases Eq., vol. 2, part 2, 233. *Vide*, also, *Clayton* v. *Fawcett*, 2 Leigh, 19; *Thayer* v. *Havener*, 6 Greenl. 212; *Dickinson* v. *Phillips*, 1 Barb. (S. C. R.) 454.

It does not appear that Mr. *Sullivan* was the agent or attorney for the creditors to whom he was instructed to pay the proceeds, and, therefore, the case does not come within the principle decided in *Alexander* v. *Adams*, 1 Strob. 47, where it was held that if one place a note in the hands of

an attorney for collection, instructing him to pay the proceeds in satisfaction of a debt due by him to another, that other being also· a client of the same attorney, this is an actual appropriation of the fund which places it beyond the future control of the party so instructing, and which he cannot revoke by an after assignment. The Court say: "If Mr. *Wright* had been the attorney of *Crockett* alone, what passed between them might be a mere direction of *Crockett* to· his agent as to the application of the money, which would be revocable. But Mr. *Wright* was the attorney of *Barnett* also, and the appropriation was made to him in that capacity. It was, therefore, not a direction merely, but an actual appropriation of the funds, or a verbal assignment, which placed it beyond the subsequent control of *Crockett*, and which he could not revoke by his subsequent assignment to the plaintiff."

If, in the case at bar, there was no assignment of the claims, so as to divest *Brown, Baily & Co.* of their control over them, and which would amount to an actual appropriation of them to the payment of the specified debts, then it follows that the money in the hands of *Sullivan* was the money of *Brown, Baily & Co.*, and subject to the payment of the plaintiffs' judgment. In such case, there can be no pretense that other creditors should have the right to come in under this proceeding, and share the money with the plaintiffs.

But if the transaction be deemed to be an assignment, we think it void for the reasons given in *Henderson* v. *Bliss*, 8 Ind. R. 100. The receipt given by Mr. *Sullivan* to his assignors contains the terms of the assignment, and from that we understand that the creditors provided for were not to be paid any *per centum*, unless they would release the balance of their debts, and there was no time fixed within which such releases were to be executed, neither does it appear that the assignment embraced all of the joint property of the debtors, as well as the separate property of each.

The assignment being void, the question arises whether the plaintiffs, having instituted their proceedings to reach

the funds in the hands of Mr. *Sullivan*, are entitled to have their judgment fully satisfied (the fund being sufficient), or whether other creditors can come in and share it with them.

It is held, that when a creditor goes into equity to seek the benefit of an assignment, he must cither make the other creditors parties, or he must file the bill in behalf of others who may choose to come in, as well as himself; but when he desires to set aside an assignment, he files a bill in his own name against the assignor and assignee alone, without making the other creditors parties.  *Wakeman* v. *Grover*, 4 Paige, 24.—*Russell* v. *Lasher*, 4 Barb. (S. C. R.) 233.

The plaintiffs acquired no lien on the fund in the hands of Mr. *Sullivan*, by virtue of their judgment or execution.

It is settled by the current of authorities, that a creditor may file a bill in his own name for his sole benefit, or in behalf of himself and all others who may be entitled and may choose to come in; if he proceeds on his own account alone, and no lien has been gained or can be acquired at law, he acquires a specific lien by filing the bill, and is entitled to priority over other creditors.  1 H. and W. Am. Lead. Cases, p. 85, and authorities there cited.

In *Pierce* v. *Weed*, 9 Cow. 728, the rule is stated in the following terms: "Where the property has not been levied on by the execution, or where it is of such a nature that it never could have been levied upon or reached by an execution at law, the return of the execution unsatisfied will not, of itself, give the creditor a specific lien upon the trust property, or choses in action of the debtor.  He must follow up his execution by the commencement of a suit in equity, or, at least, he must give notice of his claim, and of his intention to pursue the trust fund, or do some decisive act, showing such intent, before he can be considered as having a specific lien.  The creditors whose legal diligence has continued to pursue the defendants' property into this Court, are entitled to a preference as the reward of their diligence."

So in *The United States Bank* v. *Burke*, 4 Blackf. 141,

it was held that "such a bill, the instant it is filed, becomes a specific lien; and the creditor who first files his bill, obtains a priority and preference over the other creditors, as the reward of his legal diligence." This last case has been virtually overruled, so far as the doctrine therein stated is held applicable to the case of a deceased debtor, by the case of *Barton* v. *Bryant*, 2 Ind. R. 189, followed in *Mc-Naughtin* v. *Lamb*, *id.* 642.

In such case, the administrator should be made a party, that the property when recovered may be received by him, and go in a course of administration. A single creditor, or a few creditors of the deceased debtor, cannot, by suit in chancery, have the property of the estate sold for the payment of their own demands, without any inquiry as to the rights of other creditors. *Vide* 1 Am. Lead. Cas. 74.

But in the case at bar, the debtors were not deceased; and in analogy to the principles already stated, we are of opinion that the plaintiffs, by instituting their proceedings under the statute to reach the funds in the hands of Mr. *Sullivan*, acquired a lien thereon, and were entitled to have their judgment first satisfied, and, therefore, that the ruling of the Court was correct. If, after the payment of the plaintiffs' judgment, anything remained in the hands of Mr. *Sullivan*, the other creditors, by instituting the proper proceedings, could reach it; but that is no reason that they should be made parties to this proceeding.

It may be remarked, in passing, that when an assignment is set aside for fraud, the assignee is not answerable for payments made under it to *bona fide* creditors, before the filing of the bill. 1 Am. Lead. Cas. 101.

In this case, there seems to have been enough undisposed of in the hands of the assignee to pay the plaintiffs' claim.

With this view of the case, we have not deemed it necessary to inquire whether the other creditors seeking to become parties and share the fund, brought themselves within the requirements of the statute; nor do we decide whether, in any case, such creditors could come in under

May Term,
1859.

the provisions of the statute, and make themselves parties to the proceeding.

*Per Curiam.*—The judgment is affirmed with costs.

*S. C. Stevens,* for the appellants.

*C. E. Walker,* for the appellees.