Woodbury et al. v. Fisher et al.

*A. J. Boone*, for the appellants.

WOODBURY *et al. v.* FISHER *et al.*

MORTGAGE—DELIVERY OF.—*B* executed a mortgage of real estate to *C*, in his absence from the State and without his knowledge, and caused the same to be recorded in the proper office, and afterwards, before the mortgagee had accepted and received the mortgage, either in person or by agent, *D* recovered a lien upon the mortgagor's title in the mortgaged property. *Held*, that such lien is entitled to the preference over the mortgage.

A mortgage must not only be delivered to, but must be accepted by, the mortgagee, or the title will not pass, and, to make a good delivery, it would seem that the mortgage must pass under the power of the mortgagee, or some person for his use, with the consent of the mortgagor.

APPEAL from the *Clinton* Circuit Court.

WORDEN, J.—This was an action by the appellants against the appellees.

The complaint alleges that the plaintiffs had recovered a judgment against one of the defendants, *John C. Fisher*, on which an execution had been returned *nulla bona*, and seeks to reach certain equities which the judgment defendant held in different parcels of real estate. There was a finding below by the Court in favor of some of the defendants and against others. The plaintiffs moved for a new trial, as to *Sarah*

*Fisher* and *Eli M. Fisher*, but the motion was overruled and exception taken. The case is before us, as far as *Eli M. Fisher* is concerned, entirely on the evidence, from an examination of which we think there is no ground to disturb the finding and judgment as to him. The case as to *Sarah Fisher* stands upon different ground. The property in which her supposed rights are involved is distinct and separate from that found by the Court to belong to *Eli M. Fisher.* The case, so far as *Sarah Fisher* is concerned, is as follows: *John C. Fisher* had bought certain real estate of one *Johnson*, and the purchase money seems to have been paid, but no conveyance had been executed by *Johnson* to *John C.* This property the plaintiffs sought to have applied to the payment of their judgment, which was recovered in *April,* 1859. In *October,* 1858, *John C.,* being then indebted to *Sarah Fisher,* who was his mother, in the sum of 800 dollars, for money privately borrowed, for which he had executed to her his promissory note, executed to said *Sarah* a mortgage on his equitable interest in the premises to secure the payment of the note thus given. This mortgage *John C.* caused to be recorded in the recorder's office of the proper county, and when so recorded it was taken from the recorder's office by said *John C.,* in whose possession it appears to have remained until filed by him as a paper in this cause under an order of the Court below. In the meantime *Sarah Fisher* was a resident of *Pennsylvania,* and the mortgage does not appear to have been delivered to or accepted by her, either in person or by agent. Indeed the only evidence of an acceptance by her is that she claims the benefit of it in her answer; the complaint alleging the making of such pretended mortgage, but the non-delivery thereof.

The Court below found that the mortgage was entitled to preference over the claim of the plaintiffs, and ordered it to be first paid out of the proceeds of the premises.

In this respect we think the Court erred. A deed or mortgage must not only be delivered to, but must be accepted by the grantee or mortgagee, otherwise the title does not pass. "To be delivered, it would seem that the deed must pass under the power of the grantee, or some person for his use, with the consent of the grantor." *Dearmond* v. *Dearmond*, 10 Ind. 191; with proper evidence of an acceptance by the grantee, perhaps the delivery of a deed by the grantor to the recorder for record would be sufficient delivery. *McNeely* v. *Rucker*, 6 Blackf. 391. We have seen, in the case before us, that there was no acceptance shown by Mrs. *Fisher*, until she filed her answer, even supposing that could amount to an acceptance; and this was after the plaintiffs had acquired a lien by instituting their suit to reach the property. *Butler* v. *Jaffrey*, 12 Ind. 504. An acceptance then could not relate back so as to defeat the lien thus acquired by the plaintiffs.) This view is so fully sustained by the case of *Goodsell* v. *Stinson*, 7 Blackf. 437, and cases there cited, that further examination is deemed unneccessary.

*Per Curiam.*—The judgment below, as regards *Sarah Fisher*, is reversed; as to *Eli M. Fisher* it is affirmed. The appellants to pay one-half the costs here, and *Sarah Fisher* the other half.

*James N. Sims*, for the appellants.