*W. A. Porter,* for appellant.

*R. & H. Crawford,* for appellee.

------o------

### COFFIN *v.* McCLURE.

PRACTICE—PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—The statute does not contemplate pleadings in proceedings supplementary to execution as in other cases. Page 358.

SAME—ANSWER.—In proceedings supplementary to execution, the answer must be in writing, under oath, and an entire thing, like an answer in chancery, and is to be regarded as evidence on the hearing. Page 358.

SAME—DEMURRER.—Demurrers are not required to test the sufficiency of the answer in proceedings supplementary to execution. If the answer is not full, the court has ample power, on motion, to require a more complete disclosure. If the answer does not constitute any defense to the claim made in the affidavit of the plaintiff, or admits it, the latter is entitled, without further delay, to such order as the court has power, under the statute, to make. Page 358.

SAME—ANSWER—EXAMINATION.—A written answer may be waived by the judgment debtor; but the defendant may be examined as a witness whether the answer is waived or not. Page 359.

SAME—ANSWER—EXCEPTIONS.—Where the answer is not full, a mere motion to require the party to answer more fully as to the matter specified is the proper practice, though the filing of proper exceptions would be regarded as sufficient. Page 359.

SAME—EXCEPTIONS.—The answer consisted of two paragraphs, and the exception was filed to one of them, "that it does not sufficiently answer the matters averred in the affidavit."

*Held*, that the exception was too indefinite, in that it did not point out the specific matter not fully answered, and was defective in treating the paragraph as an entire answer, when it should have been taken in connection with the other paragraph, and there was, therefore, no error in disallowing the exception. Page 360.

Rules of the Supreme Court.—The 30th rule of the Supreme Court, requiring every bill of exceptions to contain the technical words, "this was all the evidence given in the cause," is rescinded by rule 22d, now in force.

Same—Bill of Exceptions.—The form of the bill of exceptions is not a matter of practice in the Supreme Court. Its requisites were well known before the adoption of the code, and the law in reference to it, as it then stood, except so far as the code modified it, or was inconsistent with it, was adopted by legislative enactment, (2 G. & H. 336, sec. 802.) Page 361.

APPEAL from the *Grant* Circuit Court.

Frazer, J.—This was a proceeding supplementary to execution. If the attorneys who conducted the case below had taxed their wits to the utmost to complicate the record with useless matter, and then had induced the clerk, in making out the transcript, to take pains to put every thing into the precise place where it did not belong, they could not have succeeded any better than they have done.

The proceeding was begun, as the statute requires, (2 G. & H. 261, sec. 522,) by an affidavit of the appellant, *Coffin*, setting forth that he had recovered a judgment against the *Cincinnati and Chicago Railroad Company* for $1,575, and had caused an execution to issue thereon, which had been returned "*nulla bona;*" that *McClure* is indebted to the judgment defendant, in the sum of $1,000, with interest, by reason of having subscribed for that amount of the stock of the *Cincinnati, New Castle, and Michigan Railroad Company*, on the 10th of *February* 1854; that that company was, on the 12th of *April*, 1854, consolidated with another company; that the company thus formed was, on the 31st of *August*, 1864, consolidated with another, forming thus the *Cincinnati and Chicago Railroad Company*, which is the defendant to the judgment; that *McClure* consented to the several consolidations; that the proper calls had been made upon stockholders, so as to

make *McClure's* subscription due; and that the whole remains unpaid. *McClure* was called upon to answer under oath.

The answer was in the common form of an answer in an ordinary suit, under our system of pleading, and consisted of four paragraphs under oath, and eleven others not under oath.

The court below, on motion, struck out that portion of the answer not sworn to. This was right. The statute expressly requires the answer to be under oath. 2 G. & H. 262, sec. 523. This is not a case in which pleadings are contemplated as in other cases. It is a summary proceeding, designed without delay to accomplish the purpose which was formerly attained by a creditor's bill; and the answer is to be regarded as evidence on the hearing. The answer must be one entire thing, like an answer in chancery; for the object of it clearly is to require the person charged to purge his conscience, and disclose the facts. We do not perceive how a demurrer can be required to test the sufficiency of the answer. Power is given to *require* an answer, and this must mean a full answer. If the answer be not full, the court or judge has ample power, on motion, to require a more complete disclosure. If the answer does not constitute any defense to the claim made in the affidavit of the plaintiff, or admits it, the latter is entitled to such order, without further ado, as the court has power under the statute to make; just as in chancery, where the answer, being true, showed the complainant entitled to the relief sought, he set the cause down for hearing on bill and answer, and obtained his decree.

We are aware that this court has heretofore, in some cases, ruled upon demurrers to answers in this proceeding without question, and by that means may have seemed to sanction the kind of practice and pleading adopted in the present case. But in a very recent case (*Cook* v. *Ross*, 22 Ind. 157) it was doubted whether, in a case like this, the statute contemplates the formation of issues as in ordinary

cases. In another case (*Carpenter* v. *Vanscoten*, 20 Ind. 50) it was held without hesitancy that "no answer making or tendering issues is authorized or necessary." It was further decided, as a consequence, that in that particular case no error was committed in rejecting the entire answer, which was in four paragraphs, only one of which was sworn to. But we presume it was not intended to decide that the answer of the debtor must not be made in writing, and filed, when the plaintiff requires him to answer. We think that the statute, section 523, contemplates a written answer. This may be waived as to the judgment debtor. But he may be examined as a witness whether the answer be waived or not, and the statute obviously makes a distinction between the answer and the examination as a witness. Convenience would seem to render a written answer necessary, that the plaintiff may be able to judge whether other testimony be needed to establish the facts upon which he relies.

Two of the paragraphs of the answer which were sworn to, were demurred to by the plaintiff, and his demurrers were sustained.

The two remaining paragraphs of the answer must, according to what we have seen is the correct practice, be deemed to constitute the answer, and be taken together, and it follows, from what has been already said, that there was no error in overruling demurrers to them, and to parts of them.

There were exceptions taken to parts of the answer, which were overruled. This was the formal method in chancery of obtaining a full answer, and though we think a mere motion to require the party to answer more fully as to matters specified in the motion would be the proper practice in cases like this, yet we should regard the filing of proper exception as sufficient. But in the case before us, the only exception in the record is to the first paragraph of it, and treats it as an entire answer. The exception is, that it does not fully answer as to the matters

averred in the affidavit. This exception is too indefinite; it points out no specific matter as not sufficiently answered, and, besides, it treats the paragraph as an entire answer, when, in our opinion, it must be taken in connection with the other paragraph. There was no error, therefore, in disallowing that exception. There is an agreement of parties annexed to the record intended to supply its defects, from which we learn that other exceptions to the answer were overruled. But what these were we are not informed, and consequently it is not possible for us to review the action of the court below upon them.

The cause was submitted to the court for trial, which resulted in a general finding for the defendant. Motion for new trial overruled, and judgment for *McClure.*

It is claimed that the finding was against evidence.

Here we are met at the threshold with an objection to the consideration of this question at all. The bill of exceptions, purporting to contain the evidence, states that " the foregoing was all the evidence given in the case;" whereas the old 30th rule of this court, now rescinded, but in existence when this appeal was taken, and when the bill of exceptions was made, required the employment of the exact words, " this was all the evidence given in the cause."

On the 4th of *January* last, we adopted a new rule on the subject, and rescinded the old rule as to all causes then pending. (See rule 22.) We made the rescission operate retrospectively after most deliberate consideration of the subject: 1. Because the rule itself was so constantly working injustice, that this court had felt constrained frequently to disregard it. 2. Because the court, in our judgment, had no power to make the rule in the first instance. The statute (2 G. & H. 2) gives power to the court " to establish modes of practice which may be necessary in the exercise of its authority, and make regulations respecting the same, and cause them to be printed;" and " to establish regulations respecting proceedings which are requisite in

such court, in the exercise of its authority not specially provided for by law." The bill of exceptions is not made in this court, nor is its form a matter of practice in this court. The bill of exceptions and its requisites were well known in our former practice, before the adoption of the code, and the law in reference to it, as it then stood, except so far as the code modified it, or was inconsistent with it, was adopted by legislative enactment, (2 G. & H. 336, sec. 802;) and inasmuch as we have no legislative power, and our duty begins and ends by declaring the law as we find it to exist, we could not, with all deference to the learned judges who adopted the rule, avoid the conviction that it must be held of no force.

We have looked into the evidence, and are of opinion that the finding of the circuit judge was correct. No good purpose would be accomplished by a review of the evidence, such as would be necessary to make our views of it intelligible.

Other questions are argued by the appellant's counsel, but we can not perceive that they exist in the record, and therefore we do not consider them. Cross errors are assigned in behalf of the appellee, but their consideration is waived by counsel in the event that we affirm the case, which we must do.

Judgment is affirmed, with costs.

*J. Brownlee,* for appellant.

*H. D. Thompson, N. O. Ross, R. P. Effinger,* and *W. R. Pierse,* for appellee.