### NEW, ASSIGNEE, *v.* REISSNER, SHERIFF, ET AL.

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Recording Assignment.—Real Estate, Alienation of.*—The title to real estate assigned by a debtor under the act "providing for voluntary assignments," etc., (1 R. S. 1876, p. 142,) does not pass to his assignee until such assignment has been duly recorded.

SAME.—*Injunction.—Judgment.—Execution.—Sheriff's Sale.*—Such assignee can not enjoin the sale of such real estate, by a sheriff, upon an execution on a judgment against such debtor, which is a lien on such realty, rendered after the execution, but prior to the recording, of such assignment.

From the Marion Circuit Court.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellant.

*N. B. Taylor, F. Rand, E. Taylor, B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellees.

PERKINS, C. J.—Complaint filed on the 21st of November, 1876, for an injunction. Injunction denied. Demurrer to the complaint sustained, and final judgment for appellees. Appeal to this court.

On the 5th and 6th days of September, 1876, judgments

were rendered for between twenty and twenty-five thousand dollars, in the Marion Superior Court, against Calvin A. Elliott. Executions were issued upon said judgments, and levied upon real estate in the county of Marion, Indiana, owned by said Elliott at the date of said judgments, and upon which they were liens. A sale of said property was advertised to take place, by the sheriff of the county, on the 25th of November, 1876, upon the executions mentioned.

On the 29th day of August, 1876, said Calvin A. Elliott made an assignment of all his property, under the act of March 5th, 1859, (1 R. S. 1876, p. 142,) for the benefit of his creditors, to the Hon. John C. New, who accepted the trust. The assignment was recorded on the 7th of September, 1876, being the tenth day after its execution, and a day or two after the rendition of the judgments above mentioned.

On the 21st of November, 1876, the appellant filed his complaint for an injunction, restraining the sale of the real estate advertised, as above stated, by the sheriff, on the ground that the title to the property passed to said New, by virtue of the assignment, before the rendition of said judgments.

We had this precise question before us at the last term of this court, and we then came to the unanimous conclusion, that, under the statute providing for such assignments as that in question, the title to the property assigned did not pass from the assignor to the assignee, till the recording of the assignment. A rehearing was granted in that case, in order that the question might be kept open till other pending cases, involving the same question, were argued and submitted. Such argument and submission have taken place, and we have carefully reconsidered the question, and are unable to come to any different conclusion from that formerly arrived at, and have reaffirmed the judgment and decision made, at the last term, in the case referred to, viz.: *Forkner* v. *Shafer, post,*

p. 120. We refer to the decision of that case at the present term. See, also, in connection with this subject, *Clarke* v. *Minot,* 4 Met. 346 ; *Samson* v. *Thornton,* 3 Met. 275 ; *Dole* v. *Bodman,* 3 Met. 139 ; *Fite* v. *Doe,* 1 Blackf. 127 ; *Goodsell* v. *Stinson,* 7 Blackf. 437 ; *Woodbury* v. *Fisher,* 20 Ind. 387.

The judgment is affirmed, with costs.