FORKNER, ASSIGNEE, *v.* SHAFER ET AL.

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Recording Assignment.*—The title
to personal property assigned by a debtor under the act "providing for
voluntary assignments," etc., (1 R. S. 1876, p. 142,) does not pass to the
assignee until such assignment has been duly recorded.

SAME.—*Execution.*—*Replevin.*—Such assignee can not replevy such personal
property from an officer holding the same by virtue of an execution upon
a judgment against such debtor, levied prior to the recording of such
assignment.

From the Wayne Circuit Court.

*W. A. Bickle* and *S. A. Forkner*, for appellant.

*J. Yaryan, J. L. Yaryan, B. Harrison, C. C. Hines* and
*W. H. H. Miller*, for appellees.

PERKINS, C. J.—Action to recover possession of personal
property, commenced on the 22d day of September, 1873.

Answer in two paragraphs :

First.    The general denial ; and,

Second.    That on the 2d day of August, 1873, two of the
defendants, Pauly and Caldwell, recovered a judgment
before the mayor of Richmond, Wayne county, Indiana,
against Minnie Wedekind, for, etc.; that, on the same
day, an execution was duly issued thereon, and levied
upon the goods sought to be recovered in this action, as
the property of said Wedekind, by Shafer, the marshal ·

of Richmond, and the codefendant, in this suit, of Pauly and Caldwell.

The plaintiff replied to this paragraph of answer, that said Wedekind, on the 1st day of August, 1873, made an assignment, under the act of 1859, (1 R. S. 1876, p. 142,) accompanied by a schedule, etc., of all her property, to the plaintiff, as assignee, for the benefit of all her creditors, which assignment was filed on the said 1st day of August, 1873, in the clerk's office of the circuit court of Wayne county, Indiana; that possession of the property was taken by the assignee, of which defendants had notice, and that on the 5th day of August, 1873, the assignment was filed in the recorder's office of said county, and recorded.

The deed of assignment and schedule were made exhibits.

A demurrer was sustained to this reply, and exception taken.

A reply in denial of the second paragraph of answer was then filed.

Trial; judgment for defendants.

The evidence is not in the record.

The only question presented is, upon the sustaining of the demurrer to the reply.

We think the ruling on the demurrer was correct.

The statute under which the assignment was made, (cited *supra*,) section 2, declares that all assignments under this act " shall within ten days after the execution thereof, be filed with the recorder of the county in which the assignor resides, whose duty it shall be to record the same," etc., and that " no assignment under this act shall convey to the assignee any interest in the property so assigned until such assignment is recorded as provided for in this section."

The assignment in this case was not recorded till the 5th of August, 1873, three days after the property had been legally taken by the defendants, on execution. Till

such filing, the plaintiff, Forkner, acquired no title, and title subsequently acquired would not divest a prior legally-acquired lien.

It was within the power of the Legislature to fix the time when, and the conditions upon which, property assigned under the act in question should vest in the assignee.

The Legislature has regulated these matters in no ambiguous language. There is no room for construction. The title acquired by the plaintiff on the 5th day of August was subject to the prior lien and right of possession of the defendants, and he could not, therefore, recover in this suit.

Judgment affirmed, with costs.