### Eden et al. *v.* Everson et al.

Proceedings Supplementary to Execution.—*Assignment for Benefit of Creditors.—Failure to Record Deed of.—Estoppel.—Pleading.—Parties.*—In a proceeding supplementary to execution, under section 522, 2 R. S. 1876, p. 231, to reach property of the execution debtor alleged to be in the possession of a third person, the latter answered setting up a voluntary assignment to him by the debtor of all his property for the benefit of all his creditors, but the deed of assignment had neither been assented to by the execution creditor, nor had it been recorded.

*Held,* that the assignment was not binding upon such creditor, even though, after it was made, he had verbally assented thereto.

*Held,* also, that the statute does not contemplate pleadings in such proceeding, as in ordinary civil actions.

*Held,* also, that the other creditors were neither necessary nor proper parties to the proceeding.

Same.—*Affidavit by Attorney.*—The affidavit instituting such proceeding may be made on behalf of the creditor by his attorney.

From the Marion Superior Court.

*J. T. Dye, A. C. Harris* and *F. Knefler,* for appellants.

*J. M. Judah* and *A. S. Caldwell,* for appellees.

Biddle, J.—Proceedings supplementary to execution, founded upon the following section of the code:

Vol. LXV.—8

" SEC. 522.   After the issuing or return of an execution against the property of the judgment debtor, or any one of the several debtors in the same judgment, and upon an affidavit that any person or corporation has property of such judgment debtor, or is indebted to him in any amount, which, together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law, such person, corporation, or any member thereof, may be required to appear and answer concerning the same as above provided."   2 R. S. 1876, p. 231.

The affidavit in this case sets out a judgment recovered by George N. Everson and Asahel N. Elliott against Daniel W. Irwin and Robert A. Newell; the issuing of an execution and a return by the sheriff of no property found ; that Charlton Eden and Henry W. Hildebrand, who are made defendants, have, and each of them has, property of the judgment debtors amounting to a large sum of money, which, together with other property claimed by the judgment debtors as exempt from execution, exceeds the amount of property exempt by law ;· praying that the defendant be required to answer, etc.   The affidavit is sworn to by John M. Judah, who appears to be the attorney for the appellees.

The appellants appeared and answered, setting up a voluntary assignment made by the judgment debtors to Eden and Hildebrand, as trustees, for the benefit of creditors, and that the trustees had no property in their hands belonging to the judgment debtors except what was included in said assignment, and held for the benefit of creditors, setting out the deed of assignment.   The assignment was not consented to by the appellees.

The court found in favor of the appellees, and ordered the payment of the judgment to be made out of the property in the hands of Eden and Hildebrand.

The appellants excepted, prepared their case, and appealed to this court.

It does not appear in this case, that the deed of assignment was ever recorded, or even filed with the recorder of the county to be recorded; and, until it is so filed or recorded, no title to the property assigned passes to the assignees. *New* v. *Reissner*, 56 Ind. 118; *Forkner* v. *Shafer*, 56 Ind. 120.

We do not understand the appellants as contesting this point, but they insist:

1. That the petition or affidavit is insufficient to require Eden and Hildebrand to answer. But we do not see wherein they have presented that question by the record. They have not done so either by motion, demurrer or an assignment of error. But it appears to us to be good. The statute does not contemplate pleadings in proceedings supplementary to executions, as in ordinary civil cases. *Coffin* v. *McClure*, 23 Ind. 356; 1 R. S. 1876, p. 142.

2. The appellants think the affidavit was not made by a " proper person to so do," but they do not show us wherein the affiant was an improper person to make the affidavit. The statute requires no particular person to make the affidavit, and we think the attorney of the judgment creditor is competent for that purpose. See section 522, cited *supra*.

3. It is also insisted by the appellants, that, after the answer was filed, showing the assignment made by the judgment debtors, no further steps should have been taken, until the creditors signing the contract were brought before the court.

. Under the statute, the creditors generally were neither necessary nor proper parties. *Butler* v. *Jaffray*, 12 Ind. 504. The assignment, as to the judgment creditors, was void by statute. As to them, these proceedings would be carried on as if such an assignment had never been made.

4. It is urged, too, that, when the answer disclosed that Eden and Hildebrand held the property in a fidu-

ciary capacity, the validity of the trust could not be enquired into.

But, as the assignment passed no property to the trustees, there was no fiduciary relation as against these claimants. The court did not undertake to enquire into the validity of the trust as between the judgment debtors, and those creditors who agreed to the assignment.

5. ·It is claimed, also, that the judgment creditors are estopped by their assurance to the trustees in the deed of assignment, that they would never trouble them.

There is some evidence tending to show such a state of facts, but there is also evidence contradicting it. Besides, it is not clear to us how any verbal promise the judgment creditors could make, after the assignment was executed, unless upon some new consideration, could prevent them from asserting their claim. But it is clear that the finding of the court is not contrary to the evidence· on this point.

6. The appellants also complain that the judgment is personal against Eden and Hildebrand, that they shall pay the money into court for the benefit of the creditors, and not against them as trustees.

No objection was pointed out to the form of the judgment at the time. Besides, Eden and Hildebrand were not trustees as to the creditors making this claim. The court found that Eden and Hildebrand, as individuals, not as trustees, had moneys, property and effects in their hands belonging to the judgment debtors, out of which these judgment creditors ought to be paid, and made the order accordingly. There is no error in this. The law and the facts sustain the judgment, which is affirmed, at the costs of the appellants.