FRED A. MILLER, ASSIGNEE, v. CHARLES E. WAITE ET AL.

FILED JULY 12, 1900.  No. 9,039.

1. **Statute:** DEED OF ASSIGNMENT: FILING FOR RECORD.  The provisions of section 6, chapter 6, Compiled Statutes, 1899, requiring the filing of a deed of assignment for record in the clerk's office of the county in which the assignee resides within twenty-four hours after its execution, is mandatory, and a failure to file such instrument within the time limited by statute avoids the assignment and renders it of no force and effect.

2. **Compliance With Statute.**  A substantial compliance with, and conformity to, the statutory provisions regulating the subject of voluntary assignments for the benefit of creditors is a condition essential to effectuate a valid transfer of title to the property assigned to the assignee named in the assignment.

3. **Assignee:** POSSESSORY TITLE: TROVER.  An assignee of property assigned for the benefit of creditors who is in the peaceable and undisputed possession thereof has a possessory title therein sufficient to maintain an action for conversion against those who illegally and without authority obtain possession of such property, and unlawfully convert the same to their own use, even though the deed of assignment be invalid for want of being filed for record within twenty-four hours from its execution, as provided by statute.

4. **Pleading:** PETITION: DEMURRER.  Where a petition alleges that the plaintiff, as assignee, was in the exclusive, open and notorious possession of property assigned for the benefit of creditors, which property was illegally and unwarrantably taken, and unlawfully converted by defendants to their own use, *held*, upon demurrer to such petition, that the same stated a cause of action, notwithstanding that the petition showed on its face that the deed of assignment under which plaintiff was in possession was not filed for record for ten days after its execution.

5. **Former Opinion Modified.**  Opinion in *Miller v. Waite*, 59 Nebr., 319, modified.

ERROR to the district court for Lancaster county.

Tried below before HALL, J. *Judgment of reversal adhered to.*

*Mockett & Polk, Stewart & Munger, Darnall & Kirkpatrick, E. M. Coffin, T. J. Doyle, V. H. Stone* and *C. S. Rainbolt,* for plaintiff in error.

*Willard E. Stewart, E. C. Strode* and *Stearns & Tyrrell, contra.*

HOLCOMB, J.

A decision reversing the judgment of the lower court was rendered in this case November 23, 1899, and is reported in 59 Nebr., 319. A rehearing being granted, we again have the case before us for consideration.

We were moved to reinvestigate the case solely because of a doubt as to the correctness of the position taken in the first opinion, as to the effect or consequence of a failure to have filed for record the deed of assignment within twenty-four hours of its execution as provided by section 6, chapter 6, Compiled Statutes, 1899. Upon the other propositions announced in that opinion, we are quite satisfied of their correctness.

It was said in the first opinion, p. 320: "Another contention of the defendants is that the assignment was void because of the failure to record the deed within twenty-four hours from the time of its execution. Our view of the matter is that the title to the property passed to the assignee when the deed was delivered. * * * The failure to file a deed of assignment for record within the time fixed by statute would not, *ipso facto,* divest the assignee's ownership of the trust estate." A more careful investigation of the subject in the light of the statutory provisions and prior utterances of this court leads us to the view that, while the conclusion reached was the correct one, we were in error in the position taken on the proposition mentioned, and that in this regard we incorrectly stated the law as applied to the sections of the

statute under consideration. Section 1, chapter 6, Compiled Statutes, being the general statutory provisions regulating voluntary assignments for the benefit of creditors, says: "That no voluntary assignment for the benefit of creditors hereafter made shall be valid unless the same shall be in conformity to the terms of this act." Section 6 provides the manner in which the deed of assignment shall be executed, and *inter alia*, says: "And within twenty-four hours after its execution it shall be filed for record in the clerk's office of the county in which the assignee resides. * * * Within thirty days after its execution it shall be filed for record in every other county in this state in which there shall be situate real property conveyed therein, and such assignment shall be recorded in each such county in the manner aforesaid. A failure to file such assignment for record within the time aforesaid, in any county in which by the terms of this section it is required to be recorded, shall avoid such assignment as to property situate in such county." The language of the statute is plain, strong and unambiguous. It is susceptible of but one construction. That it is mandatory in its character is obvious from its reading, and a failure to conform to its provisions avoids the assignment and renders it without force and effect. A substantial compliance with, and conformity to, the statutory provisions regulating the subject is a condition essential to effectuate a valid transfer of title to the property assigned to the assignee therein named.

The rule of construction herein announced is not a new one in this jurisdiction. In *Wells v. Lamb*, 19 Nebr., 355, in construing the meaning of the word "execution" found in section 6 heretofore quoted, it was held that delivery of the deed of assignment and surrender of control over it was included in the meaning of the word, as well as the act of making and signing the instrument. Says the court, through Judge REESE in the opinion, p. 356: "It could not be claimed that if a debtor should write out and sign an instrument of assignment, but being uncertain as

32

to the necessity of the step, place it in his pocket or safe, that such assignment would thus be executed, and his right to pay his debts and continue in business would be destroyed. Nor could it be said that if afterwards, but not within twenty-four hours, he should find it necessary to carry out his previously formed purpose, the assignment would have to be rewritten and signed in order that it might be recorded within twenty-four hours after its execution." While the precise point under consideration was not therein raised or decided, it is evident from the language employed that the assignment, to be valid, should be filed for record within the twenty-four hours' time mentioned in the statute.

In *Lancaster County Bank v. Horn*, 34 Nebr., 742, it was held that the provisions as to recording were to be construed as a registry act, and being valid between the parties, if actual notice was imparted to the others of the assignee's possession and title, the failure to record the instrument would not avoid the assignment as to all parties having such actual notice. The rule thus announced has not since been followed, and was in direct terms overruled in the case of *Sager v. Summers*, 49 Nebr., 459.

In *Connor v. Omaha Nat. Bank*, 42 Nebr., 602, 606, in speaking with reference to section 104 of the assignment laws of Wyoming, reading as follows, "An assignment for the benefit of creditors is void against creditors of the assignor, and against purchasers and incumbrancers in good faith and for value, unless it is recorded and unless the inventory required is filed pursuant to this chapter within twenty days after the date of the assignment," RAGAN, C., uses the following language: "If it can be said that this evidence was sufficient to establish that an inventory was made and filed by France as required by section 100, it still falls far short of establishing that France, within twenty days from the date he made the assignment for the benefit of his creditors, made and filed the inventory required by section 100. The question then is whether the making and filing, within twenty days

from the date of the assignment by France, of the inventory required by section 100 was essential to the validity of such assignment. We think it was. Section 104 of the assignment law of Wyoming expressly declares unless such inventory is made and filed within twenty days after the date of the assignment that the assignment shall be absolutely void." Says the same commissioner, speaking for the court in *Sager v. Summers*, 49 Nebr., 459, 465, with special reference to the proper construction of the provisions of the statute under consideration, and of the rule laid down in *Lancaster County Bank v. Horn*, *supra:* "The question presented by that case and by this is whether the assignor complied with the law in the execution of his deed of assignment. If he did, it was valid whether the creditors had notice thereof or not. If he did not, it was void, no matter what the knowledge of the creditors of the assignor was, nor what possession the assignee had of the property. It is not the province of the court, by construction, to read into this statute of insolvent debtors provisions which we might be of opinion would mitigate the harshness of its requirements. Our duty in the premises is to ascertain, if we can, and declare the intention of the legislature. It was perfectly competent for the legislature to declare that a deed of assignment for the benefit of creditors should be void unless it was executed and acknowledged in the same manner as an ordinary conveyance of real estate is required to be executed and acknowledged to entitle the latter to be recorded. Nor is it true that a deed of assignment for the benefit of creditors is to be sustained 'if possible.' Of course, it is not to be declared void for any mere technical informality; but to be valid, it must be executed in substantial conformity with the law. This assignment law was not designed for the benefit of creditors, but for the benefit of the debtor; and by complying with its provisions, he is enabled to impound all his property in the hands of an assignee and deprive his creditors of the power to seize it, as at common law they had a right to

do, for the satisfaction of their debts. In other words, the assignment act is a creature of statute, and any one claiming property under it must show at least a substantial compliance with its provisions. The second and third points of the syllabus in *Lancaster County Bank v. Horn*, 34 Nebr., 742, are overruled."

The sixth paragraph of the syllabus in *Maul v. Drexel*, 55 Nebr., 446, holds that "An assignment of personal property for the benefit of creditors should be filed in the office of the county clerk of the county where the assignor resides within twenty-four hours after its execution, and is not void because not filed for record with the register of deeds within that period." Says NORVAL, J., writing the opinion, p. 455: "This assignment conveyed no real estate, as the assignors owned none, but personal property merely, and is not invalidated because not recorded by the register of deeds. It was filed in the office of the county clerk of Douglas county within twenty-four hours after its execution, which is in compliance with the strict letter of the statute, and is sufficient."

In harmony with the now settled rule of this court upon the subject are the following: *Summers v. White*, 71 Fed. Rep., 106, wherein the assignment laws now under consideration were similarly construed; *Lookout Bank v. Noe*, 86 Tenn., 22; *New v. Reissner*, 56 Ind., 118; *Eden v. Everson*, 65 Ind., 113; *Driesbach v. Becker*, 34 Pa. St., 152; *Cannon v. Deming*, 3 S. Dak., 421; *Gridley v. Meyers*, 76 N. W. Rep. [Minn.], 41.

The views hereinbefore expressed, to the effect that a deed of assignment is avoided by reason of a failure to file the same within twenty-four hours after its execution, leads us to no different conclusion than heretofore reached as to the final disposition of the case at bar, and the judgment of reversal must remain.undisturbed.

The case comes to us for a review of the ruling of the trial court on the demurrer interposed to the plaintiff's petition. The petition shows that the deed of assignment was executed August 1, 1894, and filed for record August

Miller v. Waite.

11, following, and alleges that the plaintiff was in exclusive control, and peaceable and undisputed possession of the property therein mentioned, of which, it is alleged, the defendants, and each of them, illegally and without authority obtained possession, and unlawfully and illegally converted the same to their own use. This the demurrer admits to be true. It can not be said the plaintiff's possession was wrongful. As between him and his assignor, the assignment is valid and he is held to account for the disposition he makes of such property. He can neither dissipate it, convert it to his own use, nor dispose of it otherwise than in the execution of the trust with which he is charged. If, in the execution of the trust he has assumed, he converts the property into money, and applies the proceeds to the satisfaction of the assignor's debts, as contemplated by the deed of assignment, he doubtless would be protected in such acts and the assignment would be upheld. While the assignee is executing the trust sought to be conferred upon him by the assignment, his possession of the assigned estate can be disturbed only by those having a legal and valid claim thereto. *Seal v. Duffy*, 4 Pa. St., 274; *Weber v. Samuel*, 7 Pa. St., 499.

In the opinion heretofore rendered it is said, p. 321: "According to the allegations of the petition, the seizure of the stock of merchandise in question was a lawless act, —an act done without color or claim of right; and the plaintiff might, therefore, on his mere possessory title, sue the defendants for conversion. Whatever may be the infirmities of Miller's title, the defendants, even if they were creditors of the Muir-Cowan Company, could not lawfully seize the assigned property without legal process. The judgment of the district court is reversed, and the cause remanded for further proceedings." We think the views thus expressed correctly state the law. The judgment of reversal is adhered to.