Denver JOHNSON and Carol Johnson, Appellants (Defendants Below),

v.

Thomas NAUGLE and Barbara Naugle, Appellees (Plaintiffs Below).

No. 88A04–9007–CV–344.

Court of Appeals of Indiana, Fourth District.

April 3, 1991.

Daniel M. Mills, Berry & Mills, Bloomington, for appellants.

Thomas J. Lantz, Seymour, for appellees.

CONOVER, Judge.

Defendants–Appellants Denver and Carol Johnson appeal the trial court's ruling in favor of Plaintiffs–Appellees Thomas and Barbara Naugle.

We affirm.

The Johnsons raise one restated issue for our review:

whether the trial court erroneously determined that money paid by the Johnsons to their attorneys was subject to garnishment and attachment.

The Naugles raise the following restated issue on cross-appeal:

whether the trial court erred in awarding a fee to the Johnsons' attorneys from money held by the trustee in bankruptcy.

On June 29, 1989, the Naugles obtained a judgment against the Johnsons in the amount of $41,127.83. Subsequently, the Naugles filed a verified motion for proceedings supplemental. A copy of the motion was deposited in the mail on July 7, 1989, addressed to Dave Smith, the Johnsons' attorney during the recently completed trial.[1]

On or about July 5, 1989, the Johnsons consulted with attorneys Thomas Berry and Daniel Mills regarding an appeal of the judgment and the filing of bankruptcy. The attorneys required that a flat fee of $15,000 be paid to them, $11,500 of which was attributable to the appeal. The flat fee was paid in three equal installments on the 7th, 10th, and 22nd of July, 1989.

On August 9, 1989, the Johnsons filed for bankruptcy. The trustee and the Naugles both filed motions with the court seeking cancellation of the payments to Berry and Mills. These motions were set for hearing on December 13, 1989.

The hearing was held even though the Johnsons filed a *pro se* motion to dismiss the bankruptcy. Mills appeared at the hearing, stating he felt the need to be present even though the Johnsons had discharged his firm. The bankruptcy judge indicated the funds in Berry and Mills possession should be turned over to the trustee. Mills did not contest the judge's determination.

On December 22, 1989, the sum of $14,-110 was transmitted by Berry and Mills to the trustee.[2] Along with the money was a letter providing that Berry and Mills "do not waive our right to seek compensation from this sum for services rendered to our client." (R. 137).

On January 26, 1990, the bankruptcy court dismissed the Johnsons' bankruptcy. On February 6, 1990, the Naugles filed a second motion for proceedings supplemental with the Washington Superior Court in which they named the bankruptcy trustee as garnishee-defendant. On the same date, the Naugles also requested a temporary restraining order to prevent the trustee from distributing the funds paid to him by Berry and Mills. The temporary restraining order was granted. On a later date, the court issued a preliminary injunction barring distribution. On April 9, 1990, the court ordered the trustee to pay $1,763.80 to Berry for work performed on the Johnsons' appeal prior to December 13, 1989. The court also ordered the trustee to pay the balance of the funds to the Naugles in partial satisfaction of the judgment. The Johnsons' now appeal payment to the Naugles.

Additional facts appear below as necessary.

The Johnsons' contend the court erred in ordering payment to the Naugles because the money deposited with the trustee was the property of their attorneys. The Naugles contend the unearned funds paid to the trustee after Berry and Mills were discharged were subject to garnishment and attachment because they were owed to the

---

**1.** Smith withdrew as the Johnsons' attorney on July 17, 1989.

**2.** The sum transmitted was the original $15,000 paid to Berry and Mills less the bankruptcy filing fee and payment to the Washington Superior Court Reporter for work on the transcript for appeal.

Johnsons. The Naugles also contend they acquired an equitable lien on the entire amount deposited with the trustee at the time the first motion for proceedings supplemental was served.

■ "The rule today is the same as it has been for over one hundred years; a creditor acquires an equitable lien on funds owed by a third party to the judgment debtor from the time the third party receives service of process in proceedings supplemental." *Radiotelephone Co. of Indiana, Inc. v. Ford* (1988), Ind.App., 531 N.E.2d 238, 240 (citing *Butler v. Jaffray* (1859), 12 Ind. 504). Here, it is undisputed that the trustee received proper service of process informing him of the Naugles' claim to the fund. The only question remaining is whether the money deposited with the trustee was the property of the Johnsons or their former attorneys.[3]

The evidence is undisputed that at the time of the hearing on December 13, 1989, Berry and Mills were no longer acting as the Johnsons' attorneys. The motion filed with the bankruptcy court by the Johnsons clearly indicated that Berry and Mills had been discharged. Mills also informed the court of the discharge at the hearing. The funds deposited with the trustee represented prepaid legal fees which had been earned only in part before the discharge. Thus, the portion of the fund not already earned before discharge, although in the possession of Berry and Mills, was owed to the Johnsons. Berry and Mills waived any alleged right to the unearned funds when they deposited the entire amount while reserving a right to only the earned portion. The trial court correctly determined the unearned portion of the fund belonged to the Johnsons, as Berry and Mills had no legal right to regain possession. Since neither the Johnsons nor their attorneys attack the accuracy of the trial court's determination on the amount of the earned fee,

we find that portion of the trial court's order to be correct.

■ As a matter of cross-appeal, the Naugles argue the trial court's award of fees to Berry and Mills was erroneous. The Naugles argue they acquired an equitable lien on all of the Johnsons' property, including the $15,000 paid to Berry and Mills, on July 7, 1989, when they mailed service to the Johnsons' attorney.

We disagree with the Naugles' contention. Even assuming service was completed at sometime on July 7, 1989, there is no evidence showing service was completed before the Johnsons made their first installment payment to Berry and Mills. Thus, there was no showing that the $5000 representing the initial payment was in the Johnsons' possession when service was completed. In order to assert their right to the unearned portion of this amount, the Naugles would have had to give service of process to Berry and Mills. *Radiotelephone, supra.*

Affirmed.

MILLER and GARRARD, JJ., concur.

---

3. We assume that for purposes of garnishment and attachment the funds in the hands of the trustee should be treated the same as funds held by a third party debtor. The parties do not address the issue.