## Ross v. Boswell.

60 235
f157 529

PLEADING.—*Action by Landlord for Rent.—Defence.—Assignment of Cause of Action for Benefit of Creditors.—Pleading.—Copy of Assignment.—Parties.*—In an action to recover for the use and occupation of real estate, the defendant answered, alleging that the plaintiff had assigned the cause of action to another, by deed, for the benefit of his creditors, and that such assignee still held the same, at the commencement of the action.

*Held,* on demurrer, that, for want of such deed of assignment or a copy thereof, or an allegation excusing the omission, the answer is insufficient.

SAME.—*Reply of Reassignment.*—A reply to such answer, alleging that, prior to the commencement of the action, the assignee had reassigned the cause of action to the plaintiff, should set out such reassignment or a copy thereof, or allege an excuse for the omission, but is a sufficient reply to such answer.

SAME.—*Evidence.*—On the trial of such cause, under the issue formed by such answer and reply, the plaintiff admitted the assignment alleged in the answer, but it was not put in evidence, and the plaintiff, without objection by the defendant, gave verbal evidence of the reassignment alleged in the reply.

*Held,* that such evidence, in the absence of any objection by the defendant that the assignee had not been made a party, shows the plaintiff to have been the real party in interest.

SAME.—*Set-Off.—Promissory Note.*—Where a promissory note pleaded as a set-off shows on its face, that it was given for a consideration different from the plaintiff's claim, it carries with it no presumption of a settlement of such claim.

SAME.—*Judicial Notice of Seasons of the Year and of Husbandry.*—The courts of this State take judicial notice of the course of the Seasons and of husbandry, and that the use and occupation of a farm in this State during six months, including the whole of the cropping season of the year, is worth more than such use and occupation during the remainder of such year.

From the Benton Circuit Court.

*E. O'Brien, J. S Reid* and *W. A. Lowe,* for appellant.

*J. R. Troxell* and *P. H. Ward,* for appellee.

PERKINS, J.—Suit by Parnham Boswell, against John Ross, to recover for the use and occupation of land.

Ross answered:

1. In general denial;
2. Items of set-off;
3. By way of counter-claim; and,

4. That the plaintiff is not the real party in interest, and is without right to bring this suit, because, by deed duly executed, he assigned the cause of action in this case to John F. Boswell, Charles P. Boswell, Arthur C. Boswell, Hiram A. Boswell and Duncan McA. Williams, for the benefit of creditors, and that they still held the same at the commencement of this suit.

A copy of the deed was not made a part of, nor filed with, the paragraph of answer, nor was any excuse stated for the omission; nor, we may here observe, was the instrument given in evidence on the trial.

A demurrer was overruled to the paragraph.

Reply in denial, and, in a second paragraph, as follows:

That, after the making of said deed, the grantees, before the commencement of this suit, reassigned to the plaintiff the said claim for rent, use and occupation, and fully authorized and empowered him to collect the same.

No motion was interposed to make the paragraph more certain.

A demurrer to the paragraph for want of facts was overruled, and exception saved.

We incline to think the paragraph of answer was bad, for the reason that it did not contain the written instrument or a copy thereof, or an excuse for the omission, on which it was founded. *Compton* v. *Davidson*, 31 Ind. 62. In the absence of that instrument, the court could not determine what the rights of the parties under it were. The answer concedes, that the right of action was in the plaintiff, unless he had transferred it. The defendant, in the answer, avers, that he had transferred it by a written instrument, required by law to be recorded, but fails to give a copy of the instrument, so that the court might determine the character of the transfer. All the authorities are, that answers of this kind must be certain, and set forth the facts. The written instrument was the important fact. It was the foundation of the defence set up in the paragraph. *Raymond* v. *Pritchard*, 24 Ind. 318.

If the paragraph of answer was bad, the reply was good enough to such paragraph. But, if the paragraph of answer was good, so was the reply to it. If an answer, simply alleging that the account had been assigned, was valid, a reply that it had been reassigned must have been valid. The appellant, defendant below, can not complain of the ruling upon the demurrer to the second paragraph of reply.

Jury trial, resulting in the following verdict and answers to interrogatories:

" We, the jury, find for the plaintiff, and assess his damages at three hundred dollars.

"JAMES LONGWELL, Foreman."

Interrogatories and answers thereto:

"1. Did the defendant occupy the plaintiff's land, as charged in the complaint?

" Answer. Six months; the value whereof is four hundred dollars. J. LONGWELL, Foreman.

"2. Did the defendant perform services for the plaintiff in the sale of the land? and, if so, what is the value of said services?

"Answer. He did perform services, worth one hundred dollars. J. LONGWELL, Foreman.

"3. For said services in selling the plaintiff's land, does the defendant hold the note or due-bill of D. McA. Williams, for seventy dollars, dated Dec. 1st, 1874?

"Answer. He does. J. LONGWELL, Foreman.

"Copy of the note:

"'FOWLER, IND., Dec. 1st, 1874.

"'Due John Ross seventy dollars, as commission for selling the north-east quarter of sec. 31, in town 25, range 9, Benton county, Ind. D. McA. WILLIAMS,

"'For Trustees of Parnham Boswell.'

"4. What amount, if any, is due the defendant for work done and labor performed by him for the plaintiff?

"Answer. Nothing. J. LONGWELL, Foreman."

A motion for a new trial, assigning reasons therefor as follows, was filed:

" 1.   Because the verdict of the jury is not sustained by the evidence;

" 2.   The verdict is contrary to law; and,

" 3.   The damages are excessive."

The motion was denied, and exception entered.

Judgment was rendered upon the verdict.

The rulings of the court upon some demurrers, and the denial of the motion for a new trial, are assigned as errors.

The evidence is in the record, and follows:

" I am the plaintiff in this suit; reside in Benton county, Indiana. I know the defendant, John Ross; he occupied the land described in the complaint three years. I leased it to him for two years; he was to break the land and fence it for the use of it for two years. Ross occupied the land mentioned in the complaint one year after his lease expired. I think there were one hundred and sixty-two acres. It was worth for rent three dollars and fifty cents per acre. Ross occupied the land from the Spring of 1873 to May, 1874. I made a deed of trust of all of my property in September, A. D. 1873, to trustees."

Leroy Templeton testified: " I know the parties to this suit. Ross occupied the land in controversy in 1873. I bought the same land of Boswell, and sold it to Ross." (The land, as described in complaint, admitted to be correctly described.) " The land is worth three dollars and fifty cents an acre rent. I do not know how much was in cultivation   I sold the land to Ross May 7th, 1874."

Duncan McA. Williams testified: " I am acquainted with the parties to this suit. Am one of the trustees of Parnham Boswell. Know the land; Ross occupied it in 1873; heard Ross speak of lease he had from Boswell. Ross said he had ground leased; claimed he was to fence and break the land. He claimed to me that he bought

the land of Boswell, and ought to hold it free of rent. Ross and I had some conversation, with a view to a settlement of the matter, but arrived at no conclusion. Most of the land in controversy is in cultivation; balance in blue-grass pasture. The land is worth three dollars an acre, that in pasture fifty cents less, a year, rent. I have farmed for thirty years. We, that is, the trustees, could not settle with Ross, and then agreed that Parnham Boswell, the plaintiff in this suit, might have the account, and settle it with Ross."

James Fleming testified: "Am acquainted with parties to this suit, know the land in controversy; it is worth three dollars an acre rent. I am a farmer, reside in this county."

Arthur Boswell testified: "I am one of the trustees of Parnham Boswell, plaintiff in this suit. It was agreed by the trustees that Parnham Boswell should have this claim against Ross, and collect it."

This was all the evidence offered by the plaintiff.

The defendant offered the following evidence:

John Ross testified: "I am the defendant in this action. Am acquainted with Parnham Boswell; leased the land in controversy for two years. I held over. He afterward sold the land to Templeton, and I bought the same land from Templeton. I own the land now."

The deed of trust of the plaintiff, Parnham Boswell, bearing date September 17th, 1873, was then offered to be read in evidence to the jury. "The plaintiff waived the reading of said deed of trust, admitting that it was the deed; that it had been regularly executed by the said Parnham Boswell and wife, conveying all of his real estate to said trustees; and that the land mentioned and described in the complaint in this suit, and for which the said Parnham Boswell seeks to receive [recover?] rent in this action for the use of said land for the season of 1873, by the defendant, John Ross, is the same land conveyed by said deed of trust to said trustees, together with other

lands therein mentioned; which was all the evidence given in the cause."

It does not appear from this statement of the contents of the deed that the cause of action in this suit was embraced in it.

Counsel for appellant, in their brief, say: "The assignment of errors charges errors of pleading; but we rely chiefly on the facts, that, under the law of the case, as shown by the evidence and referred to in the assignment of errors, the appellee had no cause of action, and the verdict and judgment should have been for the appellant." They also claim that the damages were excessive, and that the note of seventy dollars, given December 1st, 1874, by D. McA. Williams, hereinbefore set out, operated as a settlement of all accounts to its date. In this latter position counsel are mistaken. It states, upon its face, the particular act of service for which it was given.

If, under the reply to the fourth paragraph of answer, above copied, the plaintiff had a right to maintain this suit, we think we can not say the damages were excessive. Whether the plaintiff, under that reply, is so shown to be the beneficial owner of, the real party in interest in, the claim sued on, as to entitle him to maintain this action, is, in fact, as appellants' counsel say in their brief, the only question to be decided in the case, as he was not injured by any ruling upon demurrers. As we have seen, the reply was a sufficient avoidance of. the paragraph of answer, whether the same was good or bad. The evidence sustained the reply, and was admitted without objection. No objection is made as to the failure to make the assignors parties defendants.

In the state of the record, we must uphold the plaintiff's right to sue. We remark further, as to the damages, that the court will take notice of the course of the seasons and of husbandry, and that the use of the farm for six months during the cropping season would be worth much more per acre, than it would be during the

six months including the winter season. The evidence shows that the holding over of the appellant included the summer months, the season of raising and gathering the crops. The merits of the entire case, we think, were fairly tried.

The judgment is affirmed, with costs.