FOSTER, ASSIGNEE, v. BROWN ET AL.

ASSIGNEE FOR BENEFIT OF CREDITORS.—*Complaint by.*—*Copy and Recording of Assignment.*—A complaint by one alleging himself to be an assignee for the benefit of creditors, which does not allege that the deed of assignment has been duly recorded, and does not contain a copy thereof, is insufficient on demurrer.

Foster, Assignee. *v.* Brown *et al.*

SAME.—*Life Insurance Policy on Insolvent, for his Widow.—Parties.—Fraud.*
—*Presumption.*—In an action by an assignee for the benefit of the creditors
of a deceased debtor, against the widow, to recover the amount of
a policy of insurance issued upon his life and made payable to her, the
complaint alleged that a policy had been procured, and certain pre-
miums paid, by the debtor, prior to his making assignment, but at a time
when he was in fact insolvent ; and that, after the assignment, he had
surrendered such policy in consideration of a paid-up policy for her ben-
efit and the payment to him of a certain sum of money. Prayer for the
recovery of the proceeds of such policy, which were on deposit awaiting
the determination of the action.

*Held,* on demurrer, that the assignee was the proper party to maintain the
action.

*Held,* also, that fraud in obtaining the policies is not presumed, and that the
complaint is insufficient.

From the Warren Circuit Court.

*J. McCabe,* for appellant.

*W. P. Rhodes,* for appellees.

PERKINS, J.—A complaint as follows was filed as the cause
of action in this case :

" Richard Foster, assignee of Levi D. Brown, complains
of Elizabeth A. Brown, and says, that heretofore,
to wit, on the 12th day of August, 1876, one Levi D.
Brown, of said county, executed a written assignment of
all his property, both real and personal, including choses in
action, in due form of law, for the benefit of all his credit-
ors, to the plaintiff; that plaintiff then and there qualified,
took upon himself and entered upon the discharge of the
duties of said trust, pursuant to the statute in such case
etc. ; that said Brown had been totally insolvent for sever-
al years prior thereto ; that, on the 12th day of August,
1873, said Brown obtained from the Life Association of
America a policy of insurance on his life, payable to said
Elizabeth, his wife, in trust for her and her children, sixty
days after proof of his death, conditioned that said Brown
should pay to said Life Association $159 annual premium ;
that said Brown paid, out of his own funds, said annual

premium for the years 1873, 1874, 1875 and 1876, though he was at the time utterly insolvent, having creditors to a large amount; that, after said assignment, viz., on the 1st day of September, 1876, on the application of said Levi D. Brown, said above mentioned policy was surrendered to said company, in consideration of which said company paid said Levi D. Brown forty dollars, and issued a new policy, numbered 40,777, on the life of said Levi D., with annual premiums thereon paid up for two years, by which said company promised, sixty days after proof of the death of said Levi D. Brown, to pay $5,000 to his said wife, Elizabeth A. Brown, in trust for herself and the children of the assured, or the legal holders of the policy; but, if the assured be living on the 1st day of September, 1886, the policy shall then expire, and the association be then without liability." Copies of both of said policies are here copied in the complaint.

The complaint then proceeds: " That afterward, on the 28th day of March, 1877, said Levi D. Brown, still continuing totally insolvent and unable to pay his debts, as aforesaid, departed this life intestate, leaving said defendant Elizabeth, as his surviving widow, and leaving no other property than that already mentioned; that there has been no administrator appointed for his estate, both the heirs and creditors, by common consent, agreeing that this plaintiff shall proceed to administer the assets precisely as if said Levi D. still lived; that the said insurance company has deposited said five thousand dollars in bank, to abide the event of this suit; that said Elizabeth claims it, but this plaintiff claims that the title to the same passed to him by said assignment, being equitably the property of said Levi D. Brown, and he demands the recovery of said money for the benefit of the creditors of said Levi D. Brown. Wherefore," etc.

We re-state the dates of the leading transactions averred in the complaint :—

The assignment made by Brown to the plaintiff was executed on the 12th day of August, 1876.

The policy of insurance, on which the money sued for in this case is due, was obtained on the 1st of September, 1876. On the 28th of March, 1877, said Brown departed this life. On the 29th of October, 1877, this suit was instituted.

A demurrer was sustained to the complaint. The plaintiff declined to amend, and final judgment was given against him.

It will be observed, that, while the complaint alleges that the assignment was in writing, it contains no copy of it. See *Lytle* v. *Lytle,* 37 Ind. 281 ; *Ross* v. *Boswell,* 60 Ind. 235. Nor does the complaint show that the assignment was ever recorded ; hence, it fails to show title in the assignee, plaintiff in this suit, to the property embraced in the assignment. *New* v. *Reissner,* 56 Ind. 118; *Forkner* v. *Shafer,* 56 Ind. 120.

It is argued by counsel for appellee, that no right to the claim sued upon is shown to have passed by the assignment to the plaintiff, and that it is the right of creditors alone to proceed to set aside fraudulent conveyances and transfers of property.

We are of the opinion, if the policy of insurance was fraudulent as to creditors, and the claim on account thereof passed to the assignee under the assignment, that, according to the authorities cited in *Garner* v. *Graves,* 54 Ind. 188, said assignee might maintain this suit, but not otherwise, for the amount actually paid for the policy.

Is the policy of insurance shown to have been fraudulent, as to creditors ? The policy on which the five thousand dollars is due was not, of itself, fraudulent. It was procured after the assignment was made, and nothing was paid to obtain it, but forty dollars were refunded to said Levi D. Brown, on its reception. Was the previous policy,

exchanged for said five-thousand-dollar policy, fraudulent ? The complaint does not allege that it was procured with any fraudulent intent. It simply alleges that the party was insolvent when he obtained and paid for it. It does not allege that said party knew, or believed at the time, that he was insolvent.

The facts alleged in the complaint are, that, in 1873, three years prior to his making the assignment, the said Levi D. Brown procured a policy, on which, in that and three succeeding years, he paid, in annual instalments, the sum of five hundred and ninety-six dollars, after deducting the forty refunded, and no more. This is all of the amount that his estate was diminished, on account of which his creditors now claim the five thousand dollars.

At the same time during the said three years, Brown, so far as the complaint shows, was pursuing his regular business, his creditors were not interfering ; it is not shown that he was not industrious and economical, or that he was not honest in business, etc. In our opinion, we can not say, upon the facts of the case as alleged in the complaint, that the procuring of said policy was fraudulent as to creditors.

Under such circumstances, a man might well be justified in contributing, each year, a small sum out of his acquisitions, with a view to securing a support to his wife and children after he should have departed this life.

High authority has said, that he who neglects to provide for his household (by fair means, of course,) is worse than an infidel. 1 Timothy, chap. v, ver. 8. We quote the verse :

" But if any provide not for his own, and especially for those of his own house, he hath denied the faith, and is worse than an infidel." See *Pence* v. *Makepeace, post,* p. 345.

The judgment is affirmed, with costs.