FAIRBANKS vs. HOLLIDAY, Administratrix, etc.

*November 23 — December 11, 1883.*

REFERENCE: NEW TRIAL.  *(1) When order vacating reference and granting new trial not disturbed.  (2, 3) Grounds for vacating referee's report.*

1. An order of the circuit court vacating the report of a referee and directing the cause to be tried before the court, operates to vacate the reference and to grant a new trial, and, being within the sound discretion of the court, will not be disturbed unless there has been a manifest abuse of discretion, or unless the court rests the order upon an erroneous view of the law.

2. The fact that portions of the testimony were, in the absence of the referee, written down by others, counsel for both parties being present and not objecting, is not a sufficient ground for vacating the referee's report.

3. The court may, in its discretion, vacate the report of a referee and order a new trial before itself when it is unable to determine whether the facts found by the referee are established by the proofs.

APPEAL from the County Court of *Dodge* County.

This action was brought to set aside a conveyance of real estate and an assignment of a mortgage, executed by the plaintiff to the defendant's intestate, Mrs. Richards, on the alleged ground that the same were procured by the fraudulent conduct and representations of Mrs. Richards in respect

to the condition and value of the property conveyed by her to the plaintiff as the consideration therefor. The defendant denies the fraud. The cause was tried before a referee, appointed by consent of the parties to hear, try, and determine the same. The report of the referee negatives the alleged fraud. The plaintiff moved the court to modify the findings of the referee in certain specified particulars. The proposed modifications, had they been made, would have changed entirely the character of the findings, entitling the plaintiff to judgment. The plaintiff also moved the court to set aside and vacate the report. The two motions were heard together, and resulted in the following order:

"The motion to alter and modify the report and the amended report of the referee herein, after due notice, as well as the motion to set aside said reports, after like notice, coming on this day to be heard, after hearing Mr. Smith in behalf and Mr. Eaton in opposition to said motion, now, on motion of defendant's attorney, ordered, that said motion to alter and modify said reports, and enter judgment thereon, be and the same is hereby overruled and denied. It is further ordered, on motion of plaintiff's attorney, that the motion to set aside and vacate said referee's report be allowed, and the same is hereby vacated and set aside, for the reasons following: (1) Said reports, in the conclusions of law therein, are not sustained by the evidence returned by said referee. (2) The said referee has not found and passed upon all the facts material to the decision of this case, and concerning which evidence was given before him. (3) That the said referee, in connection with said reports, has stated and made known to this court that he was not present during all the time that the testimony so returned by him was being given by the witnesses sworn by him in said action, and that said testimony was so reduced to writing by others, in his absence, as and when given by said witnesses. (4) That it appears from an examination of said

Fairbanks vs. Holliday, Administratrix, etc.

evidence so returned by said referee, that a portion of said evidence is in the handwriting of said referee, and a portion thereof in the handwriting of the attorney of said defendant, Ellenor Richards, in said action, and a portion thereof in the handwriting of Dana Lander, a son of said referee. (5) That from the evidence returned by the referee to this court the court cannot determine therefrom whether said referee decided the issues of fact in accordance with the evidence adduced on the trial before said referee. The court further orders that the said action be tried before this court, on due notice, at any regular term of this court." [1]

The defendant appealed from the above order.

For the appellant there was a brief by *Pratt & Eaton*, and the cause was argued orally by *I. C. Sloan*.

For the respondent there was a brief by *E. P. Smith, Nath. Pereles & Sons*, and oral argument by *Mr. Smith*.

LYON, J. The power of the circuit court to review, and to alter, modify, or entirely vacate and set aside, the report of a referee is very full and ample. The statute provides that the court "may review such report, and, on motion, enter judgment thereon, or set aside, alter, or modify the same, and enter judgment upon the same so altered or modified, and may require the referees to amend their report, when necessary." R. S., 761, sec. 2865. The power thus conferred upon the court seems as broad as that exercised by the court of chancery under the old system of practice to review reports of masters. The court exercised such power in its discretion, and frequently directed the master to review his report in matters not covered by exceptions. 1 Barb. Ch. Pr., 556. The order in this case vacates the report of the referee, and, by directing the cause to be tried

---

[1] NOTE.— It should be stated that after the referee reported, his report was sent back for correction and he made an additional report; hence the term "reports" is used in the order.

before the court, operates to vacate the order of reference as well. Practically, the order grants a new trial. The granting of a new trial is within the sound discretion of the trial court, and this court will not disturb the order of the trial court in that behalf unless there has been a manifest abuse of discretion, or unless the court rests the order upon an erroneous view of the law, as in *Bushnell v. Scott*, 21 Wis., 457. See *Van Doran v. Armstrong*, 28 Wis., 236; *Jones v. Evans*, id., 168; *Duffy v. C. & N. W. R'y Co.*, 34 Wis., 188.

In this case the learned county judge has stated, in the order appealed from, the grounds upon which it was made. The third and fourth reasons assigned in the order, that portions of the testimony were, in the absence of the referee, written down by others, are not well assigned. It does not appear that this was objected to. The parties were in attendance by their counsel, and it may fairly be presumed that they consented to the proceedings as taken. Had either objected, it is not likely that the referee would have allowed the giving of testimony to proceed in his absence. No good reason is perceived why a referee may not employ some competent person to write down the testimony for him. The respective counsel have constant means of knowing whether the testimony is correctly written, and may have any errors therein corrected at once. Accuracy is the material thing, and, if the testimony is accurately written, it seems quite immaterial whether it is written by the referee or some other person for him, in his presence and under his immediate and constant supervision.

The only other ground upon which the order is founded, requiring specific notice, is the fifth, to the effect that the court is unable to determine whether the facts found by the referee are established by the proofs. We have looked into the testimony returned by the referee sufficiently to find that on the issue of fraud (which is the material issue in the

case) the testimony is very conflicting and contradictory. It may readily be perceived how, after a mere reading of the testimony, the mind of the judge might be left in doubt and uncertainty as to whether the referee's findings ought to stand. Indeed, he might be inclined to think the testimony preponderates strongly against the findings, and yet, without the advantages of seeing the witnesses or hearing them testify, he might well hesitate to modify the findings. Such was probably the impression made by the testimony on the mind of the judge. In that event, this seems a proper case for the exercise of his discretion, and justified the setting aside of the report and ordering a new trial before himself, to the end that he might personally see the witnesses and hear their testimony, so that, with these aids, he might be better able to pass upon the credibility of the respective witnesses and determine the weight which ought to be given to their testimony.

Moreover, the question of fraud when, as in this case, the testimony is contradictory and leaves the fact of fraud dependent upon the credibility of the witnesses, is a very proper question to be submitted to a jury. Feigned issues, to determine questions of fraud and other questions of fact, were, under the former practice, frequently awarded by courts of equity. Issues may still be awarded, to be tried by a jury, the form of submission only having been changed by statute. R. S., 757, sec. 2841. Such submissions were, and still are, usually ordered at the hearing after the testimony is in. By vacating the report of the referee and the reference, the court retains the power, in its discretion, to order that the issue of fraud herein be tried by a jury. We do not intimate, however, that the court should do so.

Whether the remaining reasons assigned in the order are or are not sufficient of themselves to justify vacating the report, it is not necessary to determine. These are, that the conclusions of law of the referee are not sustained by the

evidence, and that the referee failed to pass upon all the material facts concerning which testimony was given. Perhaps the first of these objections might have been removed by a modification of the findings, and the second by requiring the referee to make a further report.

We conclude that the order appealed from is not an abuse of the discretion of the court in that behalf, and hence it should not be disturbed.

*By the Court.*— Order affirmed.