ARTHUR H. WEST, ADM'R FOR PHEBE A. WHITE V. ESTATE OF LEVI WHITE.

### Trust—Nature of—Question of fact.

A woman who held some notes against her husband gave them to his executor to present for allowance to the commissioners on his estate, and directed him to use the amount when collected in keeping her comfortable, and for certain other objects, and to divide what was left equally between her husband's daughters. The notes had not been presented for allowance when she herself died. *Held*, that if an absolute trust had been created in giving the notes to the executor, the legal title thereto had been vested in him, and her administrator could not reclaim them from him as part of her estate. And the intent and nature of the trust was a question for a jury.

Error to Kent. (Montgomery, J.)    Jan. 13.—Jan. 28.

APPEAL from allowance of claim against estate. The claimant brings error.    Affirmed.

*D. E. Corbitt* for appellant.

*Maher & Felker* for contestant appellee.    A trust in personalty can be created by parol: *Bostwick v. Mahaffy* 48 Mich. 342; *Calder v. Moran* 49 Mich. 14; *Day v. Roth* 18 N. Y. 448.

SHERWOOD, J.    Levi White made and delivered to his wife, Phebe A. White, two promissory notes; one dated December 29, 1865, given for the sum of $441.14, due in ten days after date, upon which was an indorsement of $25, made April 20, 1878; the other was dated April 20, 1878, given for $25, and due ten days after date.    On the 25th day of January, 1883, Levi made his last will, in which he appointed Robert Jackson his executor, and soon thereafter died.    By his will he gave the use of all his estate, both real and personal, to his wife, for and during her natural life, and after her death to his two daughters by a former marriage, share and share alike.    The daughters' names were Catharine H. Smith and Frances Fort.    About three weeks after the death of Levi, Mrs. White gave the two notes to Jackson (the executor),

with the following directions: *first*, she requested him to present the notes to the commissioners on her husband's estate for allowance; *second*, after allowance she wished them collected, and desired him to hold the money, and pay to her so much thereof as might be necessary to make her comfortable while she lived, and to remove the remains of her deceased son from Newaygo to the family burying ground, and have a monument erected; *third*, the remainder, if any, she wished him to divide equally between the daughters above named of her husband, Levi White. Mrs. White at this time was about seventy-five years old, and was the second wife of Levi; and the record shows she had a son living.

It is claimed by the contestants that Mr. Jackson took the notes, charged with the trust above stated, and so held the same until Mrs. White died, which was not long after the decease of her husband. Arthur H. West was duly appointed administrator of her estate, and as such claimed the notes as the property of Mrs. White's estate, and the right to have them allowed as such against the estate of Levi White, whose two daughters opposed the allowance, and claimed that they were entitled to the notes under the trust created in their favor by Mrs. White when she gave them to Jackson. West presented the notes for allowance to the judge of probate, who, acting as commissioner on the estate of Levi White, and against the objection of Mrs. Fort and Mrs. Smith, after hearing the testimony, allowed them at the sum of $998.81.

The two daughters of Levi took an appeal to the circuit court of Kent county, where the cause was tried before a jury, and the facts above stated appeared in the testimony, which was somewhat contradictory on several points. After the evidence was closed the court charged the jury:

"It will be a question for the jury, under the instructions which I give you, to find what the fact was as to the alleged arrangement by which these notes were put into the hands of Mr. Jackson. If the jury find that Phebe A. White delivered the notes in question to Robert S. Jackson, with the intent to vest the notes in Mr. Jackson, subject only to a trust that Mr. Jackson should pay out of the proceeds what should

be required for the comfortable support of Phebe A. White while she should live, and the expenses of removing her son's remains and the procuring of a tombstone, and that the remainder of the proceeds of the notes should go to the daughters of Levi White, then your verdict should be in favor of the contestants. To create a trust in property of this species, it is essential that the delivery of the property to the alleged trustee be with the purpose and intent of passing the legal estate to the trustee, and vesting in him the absolute control over the property, even as against the person creating the trust, subject only to the declared purpose of the trust; and if such an original owner reserves to himself or heirs the power to control the property, and has only vested in the alleged trustee a possession, without any intention of vesting the property in him, but simply for the purpose of constituting him her agent to do certain acts, and at the same time of reserving the power to dispose of the property at his or her will, with or without the concurrence of the trustee—this would be an imperfect trust, and would not vest title in the trustee. Whether there was a perfect trust created in this case, under these instructions, is a question of fact for you to determine from the evidence in the case. You are to say from the evidence whether Mrs. White intended to vest in Jackson the title to these notes and their proceeds, and to surrender her own control over them, upon the trust that Jackson should provide suitable maintenance for her during her life, and for other purposes specified, and reserving to herself no power to control them other than the benefits of her support, and no legal title to the property. If she did, claimant has no title; that is, the administrator would take no title, and cannot recover. If she did not, then no title vested in Jackson, and the administrator is entitled to maintain an action on the notes. If, on the other hand, you find that the title of these notes vested in Mr. Jackson as trustee, under the instructions I have given you, the complainant will not be entitled to any sum, and your verdict should be for the contestants."

We think this charge of Judge Montgomery states the questions raised in the case by the testimony very clearly for the consideration of the jury, as well as the law applicable thereto. The jury found for the contestants. We have carefully examined the several exceptions taken upon the trial to the rulings of the court in receiving and rejecting

testimony, and do not find any of them well taken. No error appearing in the record,

The judgment at the circuit will be affirmed with costs.

The other Justices concurred.