Wheeler v. Hawkins, Assignee, et al.

Filed April 30, 1885.

No. 10,438.

WHEELER v. HAWKINS, ASSIGNEE, ET AL.

PLEADING.—*Parol Promise.*—*Cause of Action.*—*Sufficiency of Complaint.*—*Demurrer.*—In declaring upon a parol promise to pay or repay money upon the happening of a certain event, the complaint is bad upon demurrer for the want of sufficient facts, unless it be averred therein that such event has happened, as it will fail to state an existing cause of action.

SAME.—*Consideration.*—So, also, in declaring upon such parol promise, the complaint is insufficient on demurrer, if it fail to show that the promise sued on is supported by a sufficient legal consideration.

SAME.—*Voluntary Assignment for Benefit of Creditors.*—*Trust Estate.*—*Suit by Assignee.*—*Exhibit.*—In a suit by an assignee in a voluntary assignment for the benefit of creditors, for the recovery of a part of the trust estate, he must allege that the deed of assignment to him has been duly recorded in the recorder's office of the proper county, and must file a copy of such deed as an exhibit; otherwise his complaint must be held bad on demurrer for the want of sufficient facts.

From the Marshall Circuit Court.

*W. B. Hess,* for appellant.

*A. C. Capron,* for appellees.

HOWK, J.—The first error of which complaint is here made by the appellant, Wheeler, is the overruling of his demurrer to the complaint of the appellee, Hawkins, assignee in the voluntary assignment of one Thomas Shakes.

This complaint was filed in the court below on the second day of April, 1877, and therein the appellee, Hawkins, as sole plaintiff, alleged that on the eleventh day of February, 1874, he was appointed assignee of one Thomas Shakes, a failing debtor in Marshall county; that he took possession of

the assets of Shakes, consisting of a large amount of notes and accounts, a broken stock of merchandise, and one hundred and sixty acres of land, upon which there was due the appellant, Wheeler, for a balance of purchase-money, about three thousand dollars; that claims to the amount of, to wit, $5,000, were filed against the assignor's estate, besides the appellant's claim; that after appellee took possession of such assets he converted them into money as rapidly as he could, and the entire amount so realized from the personal property was about $1,500; that thereupon, after various consultations with some of the creditors, it was thought expedient to pay the first instalment due on appellant's mortgage and prevent a sale thereunder, and for the appellee to procure an order of sale and endeavor to sell the real estate; and this was believed to be the only feasible way to obtain a reasonable amount of assets, and the best dividends for the creditors; that, acting under this belief, the appellee, on the 25th day of August, 1874, paid the appellant the sum of $941.15, the principal and interest then due, and the foreclosure was delayed in order that appellee might obtain from the proper court an order sanctioning such payment, and an order for the sale of such land, which orders it was then believed the court would make; that it was the understanding and agreement between the appellee and the appellant, that, if the court would not so authorize such payment, the money was to be repaid to appellee by the appellant; that such payment was so made by appellee with the understanding and belief that the court would authorize him to pay the money, and that the creditors would also consent thereto.

But the appellee averred, that, after he had made such payment, he procured an order for the sale of such land, and reported to the court his action in the payment of such money to the appellant, and asked the confirmation thereof, which report and request were resisted by some of the creditors, and his action had not been confirmed, and he believed it would finally be disapproved by the court and repudiated by the

creditors; that, in all his actions relating to his assignor's estate, and particularly in the payment of such money to the appellant, the appellee had acted in good faith, and, as he believed, for the interest of the creditors, and unless such money should be refunded to him by the appellant he would be entirely remediless, and be compelled to lose the sum so paid, which was trust money belonging to his assignor's estate, and known to be such by the appellant; and that the appellant refused, although often requested, to repay such money to the appellee. Wherefore, etc.

The first objection to the sufficiency of the complaint, urged in argument by the appellant's counsel, is that it fails to show an existing cause of action in favor of the appellee and against the appellant at the time the suit was commenced. This objection to the complaint, it seems to us, is well taken. The complaint counts upon an alleged parol agreement between the appellee and the appellant to the effect that, in consideration of the payment by appellee to the appellant of the amount then due the latter from the assignor of the former, the appellant would, if the proper court should not authorize such payment, repay such amount of money to the appellee. It was not alleged in the complaint that the money paid the appellant by the appellee, and for the recovery of which this action is prosecuted by the appellee, was not justly due at the time of such payment by his assignor to the appellant; indeed, the contrary was clearly shown by all the averments of the complaint. But the alleged parol agreement of the appellant, that he would repay the amount of such payment to the appellee in a certain event, is the only foundation for the present action. Do the averments of the complaint sufficiently show the happening of such event before the commencement of this action? If they do not, it is certain, we think, that the action was prematurely brought, because the complaint would fail to show an existing cause of action upon such parol agreement at the time the suit was commenced.

The appellee did not allege, in counting upon the agree—

Wheeler v. Hawkins, Assignee, et al.

ment of the appellant, as averred, that if the court should not authorize or confirm the payment, he would repay the amount of such payment to the appellee, that the court would not or did not authorize or confirm such payment to the appellant, or that the court had disapproved, or had refused to approve and confirm, the appellee's report of the payment so made to the appellant. Such an averment was necessary for the purpose of showing that at the time the appellee commenced this suit he had an existing cause of action against the appellant for the enforcement of his alleged parol agreement to repay the money, for the recovery of which he sued. Upon this point the only allegation of the complaint, after stating that appellee had reported his payment to the appellant to the court, is that " the same has not been yet confirmed, and he believes the same will be finally rejected by the court." This allegation was not sufficient, we think, to show that the appellee had an existing cause of action against the appellant, upon his alleged parol agreement at the time of the commencement of this suit thereon.

Another objection to the sufficiency of the complaint, urged by the appellant's counsel, is that the alleged parol agreement of the appellant, declared upon by appellee, is not shown to have been made upon any sufficient legal consideration, and is at most a mere *nudum pactum*. We are of opinion that this objection to the sufficiency of appellee's complaint is well taken and should be sustained. A parol promise to pay or repay money, upon the happening of a specified event, does not of itself import a consideration, and therefore it is necessary, in declaring upon such a promise, to allege a sufficient legal consideration therefor. This was the common law rule, and it is the rule in this State as to promises which are not in writing. " The consideration must either appear impliedly from the instrument itself, as a promissory note or bill of exchange, or the complaint must expressly state the particular consideration on which the contract is founded. And it is essential that the consideration stated should be

legally sufficient to support the promise for the breach of which the action is brought." Where, as in this case, the action is founded upon a parol or oral promise, it is necessary that the consideration of such promise should be stated with such particularity as will enable the court to decide whether or not the promise sued upon is supported by a sufficient legal consideration. *Brush* v. *Raney*, 34 Ind. 416; *Leach* v. *Rhodes*, 49 Ind. 291; *Durland* v. *Pitcairn*, 51 Ind. 426. In the case in hand, the complaint not only fails to state any sufficient legal consideration for the alleged "understanding and agreement," upon which the action is founded, but it seems to us that the facts alleged show with reasonable certainty that the appellant's promise to repay the money, for the recovery of which this suit was brought, was not supported by any such consideration. It was shown by the complaint that the money paid to the appellant was, at the time of the payment, due him from the appellee's assignor, and was the money of such assignor. For aught that appears to the contrary in the complaint, the money so paid was not only due the appellant from the assignor, at the time of such payment, but, as it was the assignor's money, it was properly paid to the appellant upon the debt then due him from such assignor. Therefore, we are justified, we think, in holding as we do, that upon the showing made in appellee's complaint the appellant's alleged oral promise to repay such money upon the happening of the event specified, is a mere *nudum pactum*, and affords no sufficient ground for appellee's action.

Still another objection to the sufficiency of appellee's complaint is insisted upon in argument by the appellant's counsel. The appellee has sued, in this action, in his representative character of assignee in the voluntary assignment of Thomas Shakes, a failing debtor in Marshall county, to recover an amount of money which he claims in his complaint belongs to the trust estate of his assignor, Shakes. He has nowhere alleged in his complaint that the deed of assignment to him from Shakes has ever been recorded in the recorder's

office of the proper county, nor has he in any manner made a copy of such deed a part of his complaint. It is claimed by the appellant's counsel that for the want of such an allegation and such copy of the deed of assignment, the appellee's complaint was bad on the demurrer thereto. This objection to the complaint is well taken, under the decisions of this court, and must be sustained. *Ross* v. *Boswell*, 60 Ind. 235; *Foster* v. *Brown*, 65 Ind. 234; *State,' ex rel.*, v. *Krug*, 82 Ind. 58.

For the reasons given, we are of opinion that the appellee's complaint does not state a cause of action against the appellant, and that his demurrer thereto ought to have been sustained. This conclusion renders it unnecessary for us to consider now the numerous other errors assigned by the appellant, some of which seem to us to have been well assigned.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrer to the complaint, etc.

