## WITTER v. LITTLE & HARTMAN, GARNISHEES.

1. **Practice in Supreme Court:** EVIDENCE TO SUPPORT VERDICT. This court will not interfere with the finding of a jury on a question of fact, when there was evidence on which the finding might have been based.

2. **Garnishment:** OF FUND HELD BY REQUEST OF DEBTOR FOR THIRD PARTY. Garnishees received a note belonging to the principal debtor, with the understanding that they should collect it and apply the proceeds to the payment of a debt owing to them by the principal debtor, and that the residue should be paid to another creditor of the principal debtor, but such creditor was not a party to the arrangement. *Held* that such residue, so long as it remained in the hands of the garnishees, was subject to garnishment as the property of the principal debtor.

3. ———: CLAIM OF GARNISHEE FOR SERVICES TO DEBTOR: BURDEN OF PROOF. Where garnishees claimed the fund in their hands in compensation for services rendered the principal debtor, it was incumbent upon them to prove the value of the services, or else that they were performed for a stipulated price.

*Appeal from Harrison Circuit Court.*

MONDAY, JUNE 8.

APPELLANTS were garnished on execution, as supposed debtors of S. A. Broadwell, against whom plaintiff had obtained a judgment in the circuit court of Harrison county. They appeared and answered, denying any indebtedness to Broadwell, but admitted that they had received a note for $315, given by one Silsby, for certain property belonging to Broadwell, which he had purchased, and that they had received and appropriated the proceeds of said note. They alleged, however, that Broadwell was indebted to them in an amount in excess of the amount of said note, and that, upon a settlement of their claim against him, made with his attorney, they received the note in payment of their claim. Plaintiff filed a pleading controverting appellants' answer, in which it is alleged that, at the time they received said note, Broadwell was indebted to them in the sum of $156.50, which

indebtedness grew out of a transaction in which they exchanged a farm with Broadwell for a stock of merchandise, but he denies that Broadwell was indebted to them in any other or greater sum than that. He also denies that said note was received in payment of their claim, or that there was a settlement thereof, or that the parties with whom appellants claim to have made such settlement had any authority to bind Broadwell thereby. The issue was tried to a jury, who returned a verdict against appellants for the amount of the difference between the sum realized by them on the note and the amount which it was admitted Broadwell was owing them when they received the note, and judgment was entered against them on this verdict, and they appeal.

*J. A. Traver*, for appellant.

*D. I. King*, for appellee.

REED, J.—I. The garnishees claimed in their answer that Broadwell was indebted to them on account of a number of items, in addition to the indebtedness which arose out of the exchange of property; also that the amount of that indebtedness was more than was admitted by plaintiff. They also claimed that there was a settlement of the whole account at the time they received the note, and that they received it in payment of their claim. The court instructed the jury that if there was a settlement of said claim, in which the note was delivered to garnishees in payment thereof, and the parties who assumed to represent Broadwell in making the same had authority to so represent him, the parties would be bound thereby, and plaintiff could not recover. The verdict of the jury is, in effect, a finding either that no settlement was in fact made, or, if one was made, that the parties who assumed to act for Broadwell in making it had no authority to bind him thereby. Appellants insist that this finding is not supported by the evidence. In disposing of this position, we deem it sufficient to say that

1. PRACTICE in supreme court: evidence to support verdict.

there was a conflict in the evidence on the question whether a settlement was in fact made. The transaction in which appellants claim the settlement was made took place, as they claimed, between them and a person who was acting under a power of attorney from Broadwell, and a lawyer whom he had employed to assist in looking after Broadwell's interests. The attorney-in-fact testified that he was not present at the time of the alleged settlement, and that he neither authorized it to be made nor ratified it afterwards; and the lawyer testified that he had no knowledge as to the justice of the claims. And they both swore, in effect, that it was their understanding that appellants were to collect the note and apply an amount of the proceeds sufficient for the satisfaction of their claim, and that the balance was to be applied in payment of the claim of one Dissoway, another creditor of Broadwell. It cannot be said, in view of this testimony, that the verdict is unsupported by the evidence. The rule that this court will not interfere with the finding of a jury on a question of fact, when there was evidence upon which the finding might have been based, has been so frequently announced, and is so well understood by the profession, that we need not do more than refer to it.

II.   The circuit court instructed the jury that if plaintiff had established by a preponderance of the evidence that any portion of the proceeds of the note was due from the garnishees to Broadwell, he was entitled to a verdict for that amount. The objection urged by appellants against this instruction is that it is not based upon any evidence in the case. The position of the counsel is that, as the evidence shows that garnishees received the note either as payment of their claim, or with an understanding that they should collect it and apply so much of the proceeds as should be necessary for the satisfaction of their claim, and that the balance should be applied upon Dissoway's claim, there was no possible view of the case in which any portion of the proceeds would be due to Broadwell, and con-

2. GARNISH-
MENT: Of
fund held by
request of
debtor for
third party.

sequently there was no ground upon which plaintiff could recover. The evidence, however, does not tend to show that the garnishees agreed to assume any relation towards Dissoway. Nor is it shown that Dissoway was a party to the agreement, or that he acquired any interest in the fund.

The agreement between Broadwell and the garnishees, that the portion of the proceeds of the note in excess of the amount necessary for the satisfaction of the claim of the garnishee should be applied in satisfaction of Dissoway's claim, would not, unless he was a party to the agreement, operate as an assignment of it to him, or charge it in the hands of the garnishees with any equity in his favor, but it would remain the property of Broadwell, and would be liable to be appropriated to the satisfaction of the debt of any other creditor who might levy upon. it before its actual appropriation to Dissoway's use. This instruction, therefore, is not erroneous.

III. One of the items, which appellants claimed in their answer Broadwell owed them was $100 for services in procuring a bond for him. The evidence given on the trial showed that Broadwell was accused of some offense, the nature of which is not shown, and that, at the solicitation of appellants, a third party became surety on the appearance bond given by him. There was no evidence, however, of the value of this service. The court instructed the jury that, unless there had been a settlement between the parties, the burden was on the garnishees to establish the items of their claim, except the one which was admitted; and, as there was no evidence of the value of the services, they should not allow anything therefor. The giving of this instruction is assigned as error. We think it is correct. It was not claimed that the services were rendered in performance of any contract by which the compensation which should be paid therefor was fixed. If it was a valuable service, the law would imply an undertaking by Broadwell to pay a reasonable compensation therefor. But the burden was on appellants to prove its value, and they

*3. ——: claim of garnishee for services to debtor: burden of proof.*

failed to do so. The evidence introduced afforded no *data* from which the value could be computed. The court did right, therefore, when it withdrew the claim from the consideration of the jury.

Errors are assigned on the giving of other instructions, but they are not argued by counsel. We assume that they are waived.

AFFIRMED.